**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Allstate Insurance Company Fair Labor Standards Litigation | MDL No. 1541 |
| Ruben H. Montano,<br>    Plaintiff,<br>vs.<br>Allstate Insurance Company, et al.,<br>    Defendants. | No. CV-04-0014-PHX-PGR<br><br>ORDER and OPINION |

Pending before the Court is Plaintiff Montano's Motion to Amend his Class and Collective Action Complaint for Overtime Wages and Injunctive Relief Under the Federal Fair Labor Standards Act (29 U.S.C. §210 et seq.) (doc. #18). The only portion of the motion left to be resolved is Montano's request that he be allowed to file an amended complaint expanding his current proposed FLSA class of all salaried claims representatives employed by the defendants in Arizona to a proposed class of all such persons employed anywhere in the United States

except in the State of California.[1]  The defendants oppose Montano's motion, as do the plaintiffs in all of the other member cases.

Having considered the parties' memoranda, the Court, in the exercise of its sound discretion, finds that the motion should be denied as prejudicial to the defendants.  The requested amendment, even if deemed to be timely filed by the Court, has been rendered pointless inasmuch as the objective sought by the amendment has in effect already been accomplished given the Court's order (doc. #117) conditionally certifying a nationwide class of adjusters (with the exception of those in California) pursuant to 29 U.S.C. § 216(b).[2]  The granting of the motion would thus only waste the resources of the defendants, as well as the resources of all others involved in this action.[3]

///
///
///

---

[1]  Montano's motion also included a request that he be allowed to add a state law claim for violation of Arizona wage laws pursuant to A.R.S. § 23-353 and § 23-355. Montano withdrew that request in his reply memoranda (doc. #126), conceding that the proposed claim was barred by the applicable Arizona statute of limitations.

[2]  The timeliness of Montano's motion is an issue inasmuch as the Scheduling Order entered by Judge Browning prior to this case becoming a member case of this MDL action (doc. #17 in CV 02-609-TUC-WDB) required Montano to file a motion for class certification almost 7½ months before Montano filed the instant motion to amend. The Court concludes that it need not resolve the timeliness issue given its disposition of Montano's motion.

[3]  To the extent that Montano argues that the amendment should be granted due to some speculative economic advantage to the nationwide class by the participation of his counsel, the only Arizona attorney of record in this MDL action, the Court is unpersuaded - Montano's counsel's participation in the MDL action is not dependent on Montano's case being a nationwide class action.

1  Therefore,

2  IT IS ORDERED that Plaintiff Montano's Motion to Amend his Class and
3  Collective Action Complaint for Overtime Wages and Injunctive Relief Under the
4  Federal Fair Labor Standards Act (29 U.S.C. §210 et seq.) (doc. #18) is denied.

5  DATED this 11th day of July, 2007.

Paul G. Rosenblatt
United States District Judge