**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Allstate Insurance Company Fair Labor Standards Act Litigation ) ) ) | MDL No. 1541 (2:03-md-1541)<br>ALL CASES |

<u>ORDER</u>

Pending before the Court is Defendant's Motion to Determine Basis on Which Plaintiffs Should be Permitted to Dismiss Claims (doc. #199). Having considered the parties' memoranda filed in connection with the defendants' motion, as well as the Parties' Joint Memorandum in Response to Court Order of January 30, 2008 (doc. #211), the Court finds that any plaintiff, whether a named plaintiff or an opt-in plaintiff, wishing to withdraw his or her consent-to-join form, thereby in effect voluntarily dismissing his or her federal Fair Labor Standards Act claim, shall be permitted to do so only in the conditional manner established herein.

Inasmuch as the Court has already entered one summary judgment order in this MDL action, the Court initially notes that any request by any plaintiff seeking to withdraw from this action will be construed, and resolved, as a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2).

Rule 41(a)(2) permits the Court to grant a voluntary dismissal under the current circumstances "on terms that the court considers just." The Court is unpersuaded by the plaintiffs' contention that any subsequent voluntary dismissal should simply be unconditional and without prejudice. While a dismissal under Rule 41(a)(2) is normally without prejudice, such a dismissal is not appropriate if the defendants will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." Phillips v. Illinois Central Gulf Railroad, 874 F.2d 984, 986 (9th Cir. 1996). In the Ninth Circuit, "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." Wetlands Water District v. United States, 100 F.3d 94, 97 (9th Cir.1996). In determining whether legal prejudice exists, the Court considers it appropriate to consider the present stage of this litigation. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

The Court deems this action to be to a significant degree in a post-summary judgment procedural posture. While the plaintiffs are correct that the Court's summary judgment order (doc. #188), 2007 WL 2274802 (D.Ariz. Aug. 7, 2007), technically only granted summary judgment against the named plaintiffs in the Gaglione v. Allstate Insurance Company member case, the consequences of that order are more far-reaching given that the order resolved some significant substantive issues that effect the entirety of this MDL action, *e.g.* that at least Allstate property and casualty adjusters are administrative workers and not production workers. It is clear from the plaintiffs' response to the defendants' motion that a major motivation for a plaintiff to now withdraw from this action is to obtain more favorable rulings in a new action in some other court. While legal prejudice for purposes of Rule 41(a)(2) will not result from a defendant having to defend in another forum or from a plaintiff gaining a tactical advantage from a voluntary dismissal, Smith v. Lenches, 263 F.3d 972, 976 (9th Cir.2001), an

- 2 -

unconditional dismissal without prejudice is not appropriate if the purpose of the dismissal is to avoid the consequences of a summary judgment ruling. <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d at 358 ("We agree with the district court that a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice.")

The Court also considers it appropriate to consider the fact that this is an MDL action in determining whether an unconditional dismissal without prejudice of a withdrawing plaintiff's FLSA claim filed pursuant to 29 U.S.C. § 216(b) should be allowed. Permitting a plaintiff to withdraw from this action in order to commence a new federal FLSA collective action would only defeat the purpose behind the institution of this MDL action. Furthermore, as the defendants point out, it is more likely than not that any refiled FLSA collective action by one of the current plaintiffs in another federal court would ultimately be determined by the Judicial Panel on Multidistrict Litigation to be a tag-along case to this MDL action, resulting in nothing more than a waste of scarce judicial resources.

The Court, in the exercise of its broad discretion, thus concludes that the only manner of dismissal that would not cause legal prejudice to the defendants is a conditional dismissal that forbids any dismissing plaintiff from reasserting in another federal suit any FLSA collective claim for overtime pay that is resolvable in this action. *Cf.* <u>Smith v. Lenches</u>, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the federal claims so that they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal [of the state law claims without prejudice] caused no legal prejudice and was not an abuse of discretion.")

While the plaintiffs argue in the Parties' Joint Memorandum that in order for a conditional dismissal to be fair to them the Court must toll the statute of limitations on any state law claims that a withdrawing plaintiff might have, the

- 3 -

Court disagrees. As the defendants correctly point out, this action involves only federal FLSA claims and the mere pendency of this action has never prevented any plaintiff from pursuing any state court remedy that he or she may have had. It is not for this Court to foreclose the defendants from raising any appropriate statute of limitations defense should a withdrawing plaintiff subsequently commence a state law overtime pay action. The Court will also not foreclose the defendants from raising any appropriate statute of limitations defense should any withdrawing plaintiff subsequently file an individual overtime pay claim under the FLSA.   Therefore,

IT IS ORDERED that Defendant's Motion to Determine Basis on Which Plaintiffs Should be Permitted to Dismiss Claims (doc. #199) is granted to the extent that any named or opt-in plaintiff hereinafter filing a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) shall be permitted to withdraw from this action only upon the condition that he or she shall be barred from asserting as a member of a collective action any claim for overtime pay he or she might have against any defendant herein under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* if that FLSA claim can be litigated as a part of this MDL action.

IT IS FURTHER ORDERED that the parties, in accordance with the parties' Joint Report to Court Re Case Management/Status Conference (doc. #193), shall file with the Court no later than August 11, 2008, a jointly prepared proposed form of Order to Show Cause and Notice to the remaining named and opt-in plaintiffs regarding their continued participation in this MDL action.

DATED this 14th day of July, 2008.

Paul G. Rosenblatt
United States District Judge

- 4 -